```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

|  |  |
|---|---|
|  | )  |
|  | )            MDL No. 1877 |
|  | ) |
| IN RE CLASSICSTAR MARE LEASE | )            Master File: |
| LITIGATION | ) Civil Action No. 5:07-cv-353-JMH |
|  | ) |
| ⎯ | ) |
|  | )                5:07-cv-348-JMH |
|  | )                5:07-cv-419-JMH |
|  | )                 5:08-cv-53-JMH |
|  | )                5:08-cv-321-JMH |
|  | ) |
|  | ) |
|  | ) |
|  | ) |

**MEMORANDUM OPINION & ORDER**

*** *** ***

This matter is before the Court upon the Motion of S. David Plummer and Spencer D. Plummer, III, to Compel Answers to Interrogatories and Production of Documents Regarding Settlement and Arbitration. They make this request with respect to information about the above-referenced individual civil matter and with respect to any federal criminal matters because they are relevant to the issue of setoff of money judgments and may lead to admissible evidence of the bias of witnesses. The Plummers have indicated that the are amenable to entry of an order allowing Plaintiffs to serve answers and responsive documents with an "Attorneys Eyes Only" designation. Plaintiffs have objected somewhat weakly on the grounds that such facts and documents are irrelevant to the matter at hand and, in any event, any settlement

papers have been designated confidential by their terms.[1]

The fact that a settlement agreement has been designated confident – with nothing more – is insufficient to bar production since the "settlement privilege" exists only to shield settlement negotiations from discovery, not the terms of a relevant settlement agreement.  Here, as to the issue of setoff and bias, the Court agrees that discovery of relief obtained through settlement and arbitration, as well as through resolution of any criminal matters, may well be relevant – and that the need to protect the confidential information does not equate to absolute privilege against discovery.  *See American Guar. and Liability Ins. Co. v. CTA Acoustics, Inc.*, No. 05-CV-80 KKC, 2007 WL 1099620, at *4 (E.D. Ky. April 10, 2007) (citing *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003), and *Adams v. Cooper Industries, Inc.*, No. 03-CV-476-JBC, 2007 WL 805459, at *2 (E.D. Ky. March 13, 2007)).  The best resolution of this issue – to the extent that the parties have not resolved it through some sort of extrajudicial agreement of which they court is not aware – is to order the production of these documents subject to an "Attorney's Eyes Only" designation, as set forth below.

---

[1] The motion was also filed in several other individual matters.  It has been withdrawn in 5:07-cv-348-JMH, as the parties agreed to and the Court entered an amended agreed protective order that resolved the dispute.  Further, the parties to the motion in 5:07-cv-348-JMH, 5:07-cv-419-JMH, and 5:08-cv-321-JMH have ultimately resolved the claims by and between them.

Accordingly, **IT IS ORDERED**:

(1)  That the Motion is **DENIED AS MOOT** in 5:07-cv-348-JMH [DE 175], 5:07-cv-419-JMH [DE 140], and 5:08-cv-321-JMH [DE 150].

(2)  The Motion is **GRANTED** in 5:08-cv-53-JMH [DE 279].

(3)  That Plaintiffs in 5:08-cv-53-JMH shall **SERVE** on counsel for the Plummers, within 10 days of the entry of this Order, answers and documents in response to Interrogatories Nos. 1 and 2 and Requests for Production Nos. 1 and 2 on Defendants' Master List of Interrogatories and Requests for Production of Documents. These materials are to be designated for "Attorneys Eyes Only" and, in the absence of any proposal to the contrary by either party, are subject to the terms and conditions set forth in the Protective Order [5:08-cv-53-JMH, DE 89] entered by this Court on September 2, 2008.

This the 4th day of April, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge